IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SCOTT SMILEY, JR., | ) | |
|     Petitioner, | ) | Civil Action No. 15-287 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECKTENWALD, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

Before the Court is a petition for a writ of habeas corpus filed by Steven Scott Smiley, Jr. (the "Petitioner"), pursuant to 28 U.S.C. § 2241. [ECF No. 3]. It is respectfully recommended that the petition be dismissed because the Court lacks subject matter jurisdiction.

**II.**     **REPORT**

    **A.**     **Background**

The Petitioner was tried and convicted in the United States District Court for the Eastern District of Michigan (the "trial court") in a criminal case docketed as <u>United States v. Smiley</u>, No. 4:13-cr-20248 (E.D. Mi.). Specifically, on April 3, 2013, a federal grand jury indicted him on three separate counts of Possession of a Firearm by a Prohibited Person (Convicted Felon), in violation of 18 U.S.C. § 922(g)(1). The Petitioner pleaded guilty to one count and on January 21, 2014, the trial court imposed a sentence of 71 months of imprisonment. His projected release date is currently set at June 6, 2018.

In 2014, the Petitioner filed with the trial court a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Resp's Ex. F). He claimed that he is actually innocent. In an Opinion and Order dated January 26, 2015, the trial court denied his claim on the merits. It held:

1

The sole argument raised by Defendant is that his 2007 conviction is purportedly "inapplicable as [he] was not sentenced to a term of imprisonment which exceeded one year." Def. Mot. at 5 (cm/ecf page). Therefore, Defendant claims that he is actually innocent of having violated 18 U.S.C. § 922(g)(1). Id. The Court rejects this argument as meritless.

The felon-in-possession-of-firearm statute, 18 U.S.C. § 922(g)(1), makes it unlawful for any person "who has been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Defendant does not dispute that he was convicted in Genesee County Circuit Court in 2007 for carrying a concealed weapon. Nor does he dispute that he was sentenced to 182 days in jail and 18 months' probation for that crime. See Def. Reply at 2. Rather, Defendant claims this conviction does not qualify under 18 U.S.C. § 922(g)(1), because he was not sentenced to imprisonment for a term exceeding one year. See id. ("Petitioner argues that, he challenges only the prerequisite of having served a 'term of imprisonment' exceeding 1-year." (emphasis in original)).

The trouble with Defendant's argument, however, is that he is confusing punishable with punished. Carrying a concealed weapon in violation of Mich. Comp. Laws § 750.227 is a felony punishable by a maximum term of imprisonment of five years. Therefore, when convicted of this crime, Defendant faced a potential punishment of up to five years' imprisonment, even though he only received 182 days in jail.

- - -

Defendant, citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), claims that courts must look at "what actually took place, and not hypothetically what could have happened." Def. Reply at 3. However, Defendant's reliance on these cases is misplaced. In Simmons and Pruitt, the courts analyzed the effect of a statutory scheme in which the applicable maximum punishment varied depending on characteristics unique to the defendant. For example, in Simmons, the Fourth Circuit analyzed North Carolina's statutory scheme, which changed the maximum statutory penalty a defendant faced depending on a number of factors, including the classification of the offense, the defendant's prior record level, and the presence or absence of aggravating or mitigating factors. In such a scenario, the Simmons court held that a district court could not look to the maximum term of imprisonment a hypothetical defendant could have received, such as a defendant guilty of the aggravated offense or with a substantial criminal record. Instead, district courts must look at the maximum sentence that could have been imposed on a person with the defendant's particular criminal history and level of aggravation to determine whether the offense was "punishable by imprisonment for a term exceeding one year." Simmons, 649 F.3d at 244-245.

The Sixth Circuit similarly explained in Pruitt that, under North Carolina's sentencing scheme,

> the maximum sentence authorized for a Class I felony depends on the
> prior record level of each defendant. A defendant who has a prior record

2

> of less than V cannot be sentenced to a term of imprisonment exceeding one year, regardless of whether he or she is sentenced in the aggravated, presumptive, or mitigated sentencing range…. Thus, under the North Carolina scheme, a defendant's criminal history has a significant effect on the maximum sentence authorized, and it was error for the district court not to consider Pruitt's prior record level in determining whether Pruitt's convictions were for an offense 'punishable' by a term of imprisonment exceeding one year.
>
> 545 F.3d at 422-423.
>
> This is not to say, however, that the actual punishment the defendant received is what matters for purposes of 18 U.S.C. § 922(g)(1). Rather, as explained by the Fourth Circuit in United States v. Kerr, 737 F.3d 33, 37-38 (4th Cir. 2013), a post-Simmons decision, "The maximum sentence the particular defendant faced – not the sentence actually imposed – control[s] whether the defendant ha[s] a qualifying predicate felony." Indeed, the Fourth Circuit expressly stated in Kerr that, "[f]ollowing our decision in Simmons, we have rejected defendants' arguments that they lack the requisite predicate felonies because the actual sentence they received under North Carolina law was less than a year of imprisonment…. In [those] cases, the defendant was exposed to a sentence in excess of one year even though he actually received a sentence of less than one year." Id. (emphasis in original) (internal citations omitted).
>
> Here, the Michigan statute at issue sets a maximum term of imprisonment of five years. See Mich. Comp. Laws § 750.227. Unlike the North Carolina statutes in Simmons and Pruitt, this statutory maximum is not dependent on a defendant's particular characteristics. Therefore, because Defendant was exposed to a possible term of imprisonment of more than one year for his 2007 conviction, that conviction properly served as an underlying offense for his 18 U.S.C. § 922(g)(1) conviction, regardless of the actual sentence he received or served….
>
> Accordingly, the Court rejects Defendant's argument of innocence based on his sentence of less than one-year's imprisonment on the underlying conviction; the actual sentence to which he was exposed exceeded the one-year requirement.

(Resp's Ex. G, Opinion in United States v. Smiley, No. 13-cr-20248, slip op. at 3-8 (E.D. Mi. Jan. 26, 2015) (bracketed text in original)). On July 29, 2015, the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. (Resp's Ex. I).

Thereafter, the Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed the instant § 2241 habeas petition with this Court. He raises the same claim that he raised in the § 2255 motion that the trial court denied.

3

### B. 28 U.S.C. § 2255 Provides the Post-Conviction Remedy For Federal Prisoners

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"[2] In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). See also BRIAN R. MEANS, Postconviction Remedies § 5:7, WestlawNext (database updated July 2016). A habeas corpus action pursuant to § 2241 must be

---

[1] Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

[2] The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a).

brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause."

It is only the extraordinarily rare case that falls within § 2255's savings clause. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. It has repeatedly held that § 2255 is not inadequate or ineffective merely because the sentencing court did not grant relief. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Third Circuit Court for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion.[3] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.*" Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely

---

[3] Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

6

have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

The Third Circuit Court subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

### C. Discussion

In her answer [ECF No. 13], the Respondent contends that the petition must be dismissed for lack of jurisdiction because the Petitioner's claim cannot be pursued in a § 2241 petition. The Petitioner

7

did not file a Reply. See Local Rule 2241(D)(2) ("the petitioner may file a Reply ... within 30 days of the date the respondent files its Response.").

The Respondent is correct. This Court must dismiss the petition for want of subject matter jurisdiction because the Petitioner is challenging the validity of his conviction and he cannot do so in a § 2241 petition. There is no basis to conclude that his claim falls within § 2255's "savings clause." It does not satisfy the narrow constraints enunciated in Dorsainvil. He raised it to his trial court in a § 2255 motion to vacate, and the fact that it did not provide him with the relief he sought does not establish that § 2255 provided him with an inadequate or ineffective remedy. As explained above, a § 2241 petition for a writ of habeas corpus is not an additional, alternative or supplemental remedy to § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.[4]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  November 4, 2016         /s/ Susan Paradise Baxter
                                 SUSAN PARADISE BAXTER
                                 United States Magistrate Judge

---

[4] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.